IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY, | ) ) ) |
| PLAINTIFF, | ) ) ) |
| v. | ) CASE NO. 2:06-cv-867-WKW ) |
| FIRST UNITED METHODIST CHURCH OF ANDALUSIA, ALABAMA, INCO, INC., SPECIAL TOUCH RESTORATION, INC., | ) ) ) ) ) |
| DEFENDANTS. | ) |
| | |
| FIRST UNITED METHODIST CHURCH OF ANDALUSIA, | ) ) ) |
| COUNTERCLAIM PLAINTIFF, | ) ) ) ) |
| v. | ) JURY DEMANDED ) |
| GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY | ) ) ) |
| COUNTERCLAIM DEFENDANT | ) ) ) |

**DEFENDANT, FIRST UNITED METHODIST CHURCH
OF ANDALUSIA, ALABAMA'S ANSWER TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY JUDGMENT AND COUNTERCLAIM**

Comes now the Defendant, First United Methodist Church of Andalusia, Alabama (hereinafter "FUMC") and for Answer to Plaintiff's Complaint for Declaratory Judgment would state as follows:

1. FUMC admits the allegations contained in paragraph 1 of GuideOne's complaint.

2. FUMC admits the allegations contained in paragraph 2 of GuideOne's complaint.

3. FUMC admits the allegations contained in paragraph 3 of GuideOne's complaint.

4. FUMC admits the allegations contained in paragraph 4 of GuideOne's complaint.

5. FUMC denies the allegations contained in paragraph 5 of GuideOne's complaint and demands strict proof thereof. FUMC asserts that the policy of insurance made the basis of GuideOne's complaint is clear and that coverage was provided for the losses claimed by FUMC.

6. FUMC denies the allegations of paragraph 6 of GuideOne's complaint inasmuch as the Defendant INCO is not a party to the policy of insurance made the basis of GuideOne's complaint.

7. FUMC denies the allegations of paragraph 6 of GuideOne's complaint inasmuch as the Defendant Special Touch Restoration, Inc. is not a party to the policy of insurance made the basis of GuideOne's complaint.

8. FUMC understands that the Plaintiff is claiming that jurisdiction of this court is based on 28 U.S.C. § 2201 but FUMC denies that jurisdiction is conferred over this matter by said statute. FUMC also understands that the Plaintiff is claiming jurisdiction of this court is based on 28 U.S.C. § 1332.

9. FUMC admits the allegations contained in paragraph 9 of GuideOne's complaint except to the extent that FUMC has not been allowed the opportunity to determine if the policy attached to the complaint is in fact the policy covering FUMC and therefore this portion of paragraph 9 is denied.

10. FUMC admits the portion of paragraph 10 of GuideOne's complaint concerning Hurricane Ivan but denies the last sentence of said paragraph.

11. FUMC admits the allegations of paragraph 11 of GuideOne's complaint.

12. FUMC denies the allegations of paragraph 12 of GuideOne's complaint and demands strict proof thereof.

13. FUMC denies the allegations of paragraph 13 of GuideOne's complaint and demands strict proof thereof.

14. FUMC denies the allegations of paragraph 14 of GuideOne's complaint and demands strict proof thereof.

15. FUMC denies the allegations of paragraph 15 of GuideOne's complaint and demands strict proof thereof.

16. FUMC denies the allegations of paragraph 16 of GuideOne's complaint and demands strict proof thereof.

17. FUMC denies the allegations of paragraph 17 of GuideOne's complaint and demands strict proof thereof.

18. FUMC has not been able to determine if the clauses referenced in GuideOne's complaint are a part of the policy of insurance covering this loss therefore the allegations of paragraph 18 are denied.

19. FUMC denies the allegations of paragraph 19 of GuideOne's complaint and demands strict proof thereof.

## COUNTERCLAIM COMPLAINT

Defendant/Counterclaim-Plaintiff First United Methodist Church of Andalusia (hereinafter "FUMC") files its Counterclaim Complaint for Damages against Plaintiff/Counterclaim Defendant GuideOne Specialty Mutual Insurance Company (hereinafter referred to as GuideOne), and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

20. FUMC at all material times hereto was located in the City of Andalusia, County of Covington, State of Alabama. The Church was the named insured under the policy of insurance made the basis of this action.

21. Defendant GuideOne Specialty Mutual Insurance Company is a foreign corporation with its principal place of business in West Des Moines, Iowa. Defendant GuideOne Specialty Mutual Insurance Company undertook to insure Plaintiff in Covington County, Alabama.

22. At all times material hereto Michael Ellison was an employee and/or agent of Defendant GuideOne Specialty Mutual Insurance Company, and acted within the course and scope of that employment. Mike Ellison was the claims supervisor assigned to the claim following the date of loss.

23. The property loss made basis of this action took place in the City of Andalusia, County of Covington, State of Alabama.

**FACTS**

24. Since 1926 the First United Methodist Church of Andalusia has operated a church located at 405 East Three Notch Street, Andalusia, Alabama.

25. As of the year 2003, the Church had the building currently located on the property in place and operating as a church.

26. In 2004 the Church contacted a Covington County, Alabama insurance agency known as the O'Neal Agency, an agent for Defendant GuideOne Specialty Mutual Insurance Company to inquire about obtaining comprehensive property damage and liability insurance for the Church property.

27. GuideOne, by and through their employee(s) and/or agent(s), had ample opportunity to visit the Church property that was to be insured by the GuideOne to inspect said property, determine the type and amount of coverage the Church required, and determine whether or not to place coverage.

28. On or around January 1, 2004 , GuideOne entered into a binding contract with FUMC by placing a commercial property damage policy of insurance covering the aforementioned Church buildings located at 405 East Three Notch Street, Andalusia, Alabama.

29. The GuideOne policy (policy number 1196-415, hereinafter referred to as "the Policy") was renewed through 2005 and again through the present.

30. Throughout the period of the Policy, including any and all renewals, the Church regularly paid the premiums and performed each act required on its part to keep the Policy in full force and effect.

31. On September 16, 2004, the Church's facilities suffered severe roof and water damage as a result of Hurricane Ivan. This damage included damage to the roof structure and the interior of the church facilities.

32. FUMC made a timely claim under its policy of insurance with GuideOne concerning the damages from Hurricane Ivan. GuideOne assigned Claim Number 10A88958 to this claim by FUMC. GuideOne accepted the claim as compensable and agreed to pay and did pay some amounts under the policy of insurance.

33. Thereafter FUMC employed a group of contractors and consultants to plan, organize, supervise and facilitate the repair of the Church buildings damaged in Hurricane Ivan. GuideOne was aware of the repair plans and the contractors to be used by FUMC. GuideOne agreed to make payments for repairs to the Church facilities as the repairs were completed.

34. With GuideOne's knowledge and consent, FUMC entered into a contract for the repair of damages suffered in Hurricane Ivan with a Contractor named INCO, Inc. from the State of Texas. Repairs were initiated as quickly as possible by INCO, Inc on behalf of FUMC. The repair of the Hurricane Ivan damage as well as other non-related renovations were scheduled to begin in April 2005.

35. While INCO, Inc. was working on the repairs it became necessary to remove the shingles and felt layers on the roof over the sanctuary of the Church in

order to replace the outer layer of shingles. This was accomplished and those areas were immediately recovered with felt in anticipation of re-shingling.

36. Repairs continued for several months and were still underway in July of 2005 when Hurricane Dennis struck Covington County, Alabama. At the time Hurricane Dennis struck on July 10, 2005, portions of the church roof's outer layer of shingles had been removed in anticipation of INCO, Inc. placing a new shingle layer covering on the main roof surfaces over the Sanctuary. These areas were covered by felt underlayment and double nailed. As a result of the ongoing repairs to the Church and the effects of Hurricane Dennis, the Church suffered severe damages to the Church exterior, interior and its roof.

37. Immediately after the damages referenced above, FUMC notified GuideOne of the new damages to the Church buildings.

38. Following the notification by FUMC of the new damages, GuideOne by and through their employee and/or agents, inspected the Church buildings at issue.

39. After inspecting the damages caused by Hurricane Dennis, GuideOne became aware that the Church sustained new, different and substantial damages to its buildings on July 10, 2005.

40. The damages suffered by the Church on July 10, 2005 clearly triggered coverage for repair of the damaged portions of the Church facilities as well as other forms of coverage under the Policy.

41. After inspecting the Church buildings, GuideOne suggested that they settle the claim by paying $60,000.00 to $70,000.00 of the loss sustained by the Church

but would only do so if FUMC released its rights to claim any further damages under the contract of insurance with GuideOne. FUMC refused to agree to this proposal.

42. FUMC received a letter dated June 1, 2006, from GuideOne, written and signed by Michael Ellison. In that letter, Mr. Ellison provided a series of factually inaccurate statements concerning the events leading up to the damage to the Church on July 10, 2005. Mr. Ellison went on to acknowledge that substantial damages to the Church's building and Sanctuary had occurred. The estimates for repair of the damages incurred on July 10, 2005 total in excess of $100,000.00.

43. In the June 1, 2005 letter GuideOne denied all coverage for damages sustained on July 10, 2005 even though GuideOne had covered exactly the same type of damages following Hurricane Ivan in 2004. GuideOne was without a single debatable reason to deny coverage for the entirety of the Church's loss but attempted to create a reason not to cover the Church's loss by attempting to redefine the term, "roof" as it applied to the Church buildings and the policy of insurance in question. GuideOne acknowledged in the June 1, 2006 letter that there was no authority for their denial based on the definition of the term "roof." Despite the lack of authority for the denial by GuideOne, they refused to cover the losses from July 10, 2005.

44. Included in GuideOne's letter of June 1, 2006 was a statement that the defendants were going to determine if their denial was appropriate by initiating a lawsuit against the Church to attempt to create an exclusion to coverage by having a court provide a new definition of the term, "roof." GuideOne has initiated the Declaratory Judgment action now pending before this court in an attempt to redefine

the term "roof" and thereby avoid the obligations under their contract of insurance with FUMC.

45.     FUMC has satisfied all of its obligations under the Policy of insurance with GuideOne and is entitled to payment of all costs associated with damage to the Church buildings from Hurricanes Ivan and Dennis.

## COUNT I

### (Breach of Contract)

46.     FUMC adopts and incorporate by reference herein paragraphs 1 through 45 of the Counterclaim as if set forth in full.

47.     Under the terms of the insurance policy and the laws of Alabama, GuideOne is obligated to pay, and FUMC is entitled to; indemnification for the loss resulting from the roof damage, water intrusion, mold and mildew damage and loss, and other covered damage and loss to the entire church facility consisting of and/or related to the sanctuary and educational wings.

48.     Notwithstanding its obligation to do so, GuideOne has failed and refused, and continues to refuse to pay FUMC the money owing to them, despite repeated demands for payment.  Those failures and refusals constitute a material breach of the policy.

49.     As a direct and proximate result of the breach, FUMC has incurred damages and GuideOne is therefore liable for all such damages suffered by FUMC.

50. GuideOne has failed to perform other obligations under its policy of insurance which resulted in a material breach of said contract.

WHEREFORE, the above premises considered, Counterclaim-Plaintiff, First United Methodist Church of Andalusia, respectfully request for an award against Defendant GuideOne Specialty Mutual Insurance Company for compensatory damages in an amount to be proven at the time of trial, for reasonable attorney's fees and costs, for prejudgment interest, for post judgment interest, and for such other and further relief as this Court deems just and proper.

### COUNT II
### Bad Faith Refusal to Pay
### (Normal Bad Faith)

51. Plaintiff adopts and incorporates by reference herein paragraphs 1 through 50 of the Counterclaim as if set forth in full.

52. At the time of GuideOne's first denial letter dated June 10, 2006, GuideOne had actual knowledge or reckless disregard of the absence of any legitimate or arguable reason for refusing to pay FUMC's claim for damages and losses related to Hurricanes Ivan and Dennis. GuideOne intentionally refused to pay FUMC's claims and/or intentionally failed to determine the existence of a lawful basis to deny the claims.

53. GuideOne suggested that it would pay a small portion of the damages suffered in Hurricane Dennis but again refused to pay FUMC the money owing to them under the policy. However, GuideOne still refused to pay a majority of the loss

incurred by FUMC. At the time of this discussion, GuideOne had actual knowledge or reckless disregard of the absence of any legitimate or arguable reason for refusing to pay FUMC's claims. As a result, GuideOne is liable under Alabama law for bad faith failure to pay FUMC's insurance claims.

54. As a direct and proximate result of Guide One's bad faith refusal to pay, FUMC has suffered damages and the GuideOne is therefore liable for all such damages suffered by the Church.

WHEREFORE, the above premises considered, Counterclaim Plaintiff FUMC respectfully requests an award against Counterclaim-Defendant GuideOne Mutual Insurance Company for compensatory damages in an amount to be proved at the time of trial, for punitive damages in an amount to be determined by the trier of fact, for reasonable attorney's fees and costs, for prejudgment interest, for postjudgment interest, and for such other and further relief as this Court deems just and proper.

### COUNT III
### Bad Faith Failure to Investigate
### (Abnormal Bad Faith)

55. Plaintiff adopts and incorporates by reference herein paragraphs 1 through 54 of the Counterclaim as if set forth in full.

56. At the time that FUMC obtained the insurance policy from GuideOne, GuideOne expressly or impliedly represented that they would in good faith, and fair dealing thoroughly investigate and process any of the Church's claims on under policy

of insurance. This representation by the GuideOne defendants was material to the formation of the contract of insurance.

57.     GuideOne, at the time they initially denied the bulk of the claims for coverage due to Hurricane damages, failed to properly investigate FUMC's claim and acted in bad faith. GuideOne failed to comply with their duty to marshal all of the relevant facts with regard to the FUMC's claim before their first refusal of coverage.

58.     Furthermore, GuideOne ignored the obvious language of their policy of insurance and fabricated an excuse to deny the claims of FUMC. GuideOne claimed that the term "Roof" was not clear enough to determine if coverage should exist in an obvious effort to create a debatable reason to deny Plaintiff's claim.

59.     GuideOne has intentionally or recklessly failed to investigate FUMC's claim; intentionally or recklessly failed to properly subject FUMC's claim to a cognitive evaluation or review; created its own debatable reason for denying FUMC's claim; and/or relied on an ambiguous portion of the policy as a lawful basis to deny FUMC's claim.

60.     As a direct and proximate result of GuideOne's bad faith, FUMC has suffered damages and GuideOne is therefore liable for all such damages suffered by FUMC.

WHEREFORE, the above premises considered, Counterclaim-Plaintiff FUMC respectfully requests an award against Defendant GuideOne Specialty Mutual Insurance Company for compensatory damages in an amount to be proved at the time of trial, for punitive damages in an amount to be determined by the trier of fact, for

reasonable attorney's fees and costs, for prejudgment interest, for post judgment interest, and for such other and further relief as this Court deems just and proper.

                      s/ Harry P. Hall, II
                      Harry P. Hall, II (HAL053)
                      Attorney for First United Methodist
                      Church of Andalusia

OF COUNSEL:

Farmer, Price, Hornsby & Weatherford, L.L.P.
P.O. Drawer 2228
Dothan, Alabama 36302
(334) 793-2424
(334) 793-6624-Fax

**DEFENDANT/COUNTERCLAIM PLAINTIFF DEMANDS A TRIAL BY JURY.**

                      s/ Harry P. Hall, II

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 19th day of October, 2006 served a copy of the foregoing upon the following individual(s) by ECM or U.S. mail, properly addressed and postage prepaid.

Christopher J. Hughes, Esquire
Samford & Denson, LLP
P.O. Box 2345
Opelika, Alabama  36803-2345

Jack B. Weaver, Esquire
36 West Claiborne Street
Monroeville, Alabama

INCO, Inc.
25299 Canal Road
Suite A2
Orange Beach, Alabama

                                                       s/ Harry P. Hall, II
                                                       Of Counsel