IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GUIDEONE SPECIALY MUTUAL INSURANCE COMPANY, | * * * | |
| PLAINTIFFS, | * * | Case No.: 2:06-cv-867-WKW |
| V. | * * | |
| FIRST UNITED METHODIST CHURCH OF ANDALUSIA, ALABAMA, INCO, INC., SPECIAL TOUCH RESTORATION, INC., | * * * * * | |
| DEFENDANTS. | * | |

## ANSWER TO COUNTERCLAIM

COMES NOW Plaintiff/Counterclaim Defendant GuideOne Specialty Mutual Insurance Company (hereafter "GuideOne"), by and through counsel and in response to the Counterclaim Complaint filed by First United Methodist Church of Andalusia, Alabama (hereafter "FUMC") and each count thereof, separately and severally, heretofore filed in this cause defends, separately and severally, as follows (the Counterclaim Complaint commences with paragraph 20):

1.  GuideOne admits the averments of paragraph 20.

2.  GuideOne admits the averments of paragraph 21.

3.  GuideOne admits Michael Ellison was an employee of it. GuideOne otherwise denies the averments set forth in paragraph 22 and demands strict proof thereof.

4.  GuideOne admits the averments set forth in paragraph 23.

5. GuideOne is without sufficient information to admit or deny the averments set forth in paragraph 24, hence denied.

6. GuideOne admits the averments of paragraph 25.

7. GuideOne lacks sufficient information at this time to admit or deny the averments of paragraph 26, hence denied.

8. GuieOne is without sufficient information at this time to admit or deny the averments of paragraph 27, hence denied.

9. As to paragraph 28, GuideOne avers that the subject policy speaks for itself.

10. As to paragraph 29, GuideOne avers that the subject policy speaks for itself.

11. GuideOne lacks sufficient information at the time to admit or deny the averments set forth in paragraph 30, hence denied.

12. GuideOne denies the allegations set forth in paragraph 31 and demands strict proof thereof.

13. GuideOne admits that FUMC made a claim under the subject policy which was assigned claim number 10A88958, and that GuideOne has paid FUMC pursuant to the subject policy. Otherwise, GuideOne denies the averments set forth in paragraph 32 and demands strict proof thereof.

14. GuideOne denies the allegations set forth in paragraph 33 and demands strict proof thereof.

15. GuideOne denies the allegations set forth in paragraph 34 and demands strict proof thereof.

16. GuideOne denies the allegations set forth in paragraph 35 and demands strict proof thereof.

17. GuideOne denies the allegations set forth in paragraph 36 and demands strict proof thereof.

18. GuideOne denies the allegations set forth in paragraph 37 and demands strict proof thereof.

19. GuideOne admits the averments set forth in paragraph 38.

20. GuideOne denies the allegations set forth in paragraph 39 and demands strict proof thereof.

21. GuideOne denies the allegations set forth in paragraph 40 and demands strict proof thereof.

22. GuideOne admits that it engaged in efforts to settle the church's claims. With respect to the remaining allegations of paragraph 41, GuideOne denies them and demands strict proof thereof.

23. GuideOne denies the allegations set forth in paragraph 42 and demands strict proof thereof.

24. GuideOne denies the allegations set forth in paragraph 43 and demands strict proof thereof.

25. GuideOne denies the allegations set forth in paragraph 44 and demands strict proof thereof.

26. GuideOne avers that FUMC is entitled to indemnification per the terms and conditions of the subject policy. Otherwise, GuideOne denies the allegations set forth in paragraph 45 and demands strict proof thereof.

27. GuideOne denies each and every material allegation set forth in Count I and demands strict proof thereof.

28. GuideOne denies each and every material allegation set forth in Count II and demands strict proof thereof.

29. GuideOne denies each and every material allegation set forth in Count III and demands strict proof thereof.

30. GuideOne pleads the general issue and denies each and every material allegation of the Counterclaim Complaint not herein admitted and demands strict proof thereof.

31. GuideOne affirmatively pleads that the Counterclaim Complaint fails to state a claim upon which relief may be granted.

32. GuideOne affirmatively avers that if a relevant policy and/or policies of insurance was afforded herein by it for or on behalf of Plaintiff, said policy is the best evidence of its contents and is pled herein as though copied herein in its entirety. GuideOne specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

33. GuideOne affirmatively denies that it is estopped from asserting any conditions precedent, conditions subsequent, or coverage as affirmative defenses to FUMC's claims.

34. GuideOne affirmatively pleads all conditions precedent, conditions subsequent, exclusions and limitations set forth in the policy and coverage as a defense to FUMC's claims.

35. GuideOne affirmatively denies it has breached the contract of insurance and demands strict proof thereof.

36. GuideOne affirmatively denies that it nor any of its agents, servants or employees are guilty of any bad faith in their conduct dealing with FUMC.

37. GuideOne expressly denies the existence of any error or bad judgment in any way connected with the handling of Plaintiff's claims and in any decision which might have been made to dispute the amount of coverage to be paid under the insurance contract.

38. GuideOne affirmatively avers that at no time has it intentionally refused to pay those portions of the claims submitted by Plaintiff covered under the policy of insurance in existence at the time of the loss.

39. GuideOne affirmatively denies any intentional failure to perform any duty implied by law of good faith and fair dealing with Plaintiffs.

40. GuideOne affirmatively avers that there was no absence of a legitimate or arguable reason to seek a declaratory judgment regarding benefits claimed under the policy by FUMC. Defendant avers that FUMC's claim has not been denied.

41. GuideOne affirmatively avers that there was no intentional failure to determine whether there was any lawful basis to seek a declaratory judgment as to any portion of benefits claimed, and further that GuidOne is unaware of a conscious doing of any wrong in the adjustment of said claims.

42. GuideOne affirmatively denies that it failed to investigate the facts and circumstances of FUMC=s claims as alleged and demands strict proof thereof.

43. GuideOne affirmatively avers that Hurricane Ivan and Hurricane Dennis are not the sole causes of damage made the basis of FUMC's claim for insurance proceeds.

44. GuideOne affirmatively avers that there exists a lawful basis upon which to delay payment of a portion of the claims submitted by FUMC until such time as a judicial determination is made us to whether various damages claimed by it were or were not covered under the insured contract.

45. GuideOne denies that FUMC was injured to the nature and extent claimed and contests damages.

46. GuideOne affirmatively avers FUMC failed to mitigate its damages.

47. GuideOne affirmatively avers any other matter constituting an avoidance or affirmative defense.

48. GuideOne denies that it is guilty of any conduct which would entitle FUMC to recover punitive damages.

49. GuideOne avers that any award of punitive damages to FUMC in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

50. GuideOne affirmatively avers that any award of punitive damages to FUMC in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

51. GuideOne affirmatively avers that any award of punitive damages to FUMC in this case will be violative of the constitutional safeguards provided to

Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

52. GuideOne avers that any award of punitive damages to FUMC in this case will be violative of the procedural safeguards provided to GuideOne under the Sixth Amendment to the Constitution of the United States.

53. FUMC's claim of punitive damages violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which

thereby violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

54. FUMC's claim of punitive damages violates the due process clause of Article I, ' 6 of the Constitution of Alabama for the same grounds as stated above.

55. Any award of punitive damages to FUMC in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

56. Any award of punitive damages against GuidOne in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, ' 22 of the Constitution of Alabama.

57. The Counterclaim Complaint fails to state a claim for punitive damages under '' 6-11-20 to 6-11-30 *Ala. Code* (1975), and is barred.

58. Any award of punitive damages against GuideOne in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of

the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001) and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on the following grounds:

(a)    It is a violation of this GuidOne's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b)    It is a violation of due process to subject this GuideOne to punitive damages without providing this Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c)    It is a violation of due process to punish this GuideOne with the intent of changing its lawful conduct in other states; and

(d)    It is a violation of this GuideOne's rights to due process to impose punitive damages which are grossly excessive.

59.    GuideOne avers that the filing of this Counterclaim Complaint was more than sixty days after the enactment of the amendment to Code of Alabama ' 6-11-21 (1975); therefore, the amended version of said statute is applicable to the award of any punitive damages in this matter.

Respectfully submitted this 8th day of November, 2006.

                                          */s/ Christopher J. Hughes*_____
                                          Christopher J. Hughes (HUGHC2886)
                                          Attorney for GuideOne Specialty Mutual Insurance Company

OF COUNSEL:
**SAMFORD & DENSON, LLP**
P.O. Box 2345
Opelika, AL  36803-2345
Telephone (334) 745-3504
Facsimile (334) 745-3506

## CERTIFICATE OF SERVICE

I hereby certify that on this the 8th day of November, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.  A copy of said pleading was sent via U.S. mail to the following:

Jack B. Weaver
36 West Claiborne Street
Monroeville, AL 36460

First United Methodist Church of Andalusia, Alabama
403 East Three Notch Street
Andalusia, AL 36420

Inco, Inc.
16788 Perdido Key Drive
Pensacola, FL 32507

/s/ *Christopher J. Hughes*
OF COUNSEL